IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NOVO NORDISK A/S and NOVO NORDISK INC.**                           **PLAINTIFFS**

**V.**                                    **CASE NO. 5:25-CV-5164**

**PRISM AESTHETICS, LLC**                                            **DEFENDANT**

### FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

1.  It appearing that plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk" or "plaintiff") filed their Complaint in this action on August 4, 2025, and that defendant PRISM Aesthetics, LLC ("PRISM" or "defendant") waived service of process and, through counsel, appeared on October 14, 2025 by filing a Motion to Dismiss; and

It further appearing that the parties have agreed to settle and resolve this matter without further formal proceedings herein, and, as indicated by the signatures below, have consented to entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

Now, therefore, by stipulation and agreement of the parties, and with the consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over defendant PRISM. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

3. Plaintiff Novo Nordisk's Complaint alleged causes of action against defendant PRISM for false advertising, unfair competition, and deceptive and unfair trade practices in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law.

4. Without the consent of plaintiff Novo Nordisk, defendant published the articles attached as Exhibits 1-3 to plaintiff's complaint which are the subject of the claims related to advertising, marketing, and/or promotion of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration (the "FDA") and are not genuine FDA-approved, semaglutide-based medicines (the "Compounded Drugs") that falsely suggest that the Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and that the Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines.

5. Plaintiffs allege that Defendant's actions as described above are likely to cause deception and violate Novo Nordisk's rights under the Lanham Act and state law.

6. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and all those in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from advertising, stating, or suggesting that any Compounded Drugs, including any Compounded Drugs that either are available, directly

or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

    (a) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

    (b) are sponsored by or associated with Novo Nordisk;

    (c) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

    (d) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

    (e) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

    (f) are associated or connected with Novo Nordisk or Novo Nordisk's medicines; or

    (g) contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

7.    **IT IS FURTHER ORDERED** that, for twelve months from the date of entry of this Final Judgment, Defendant shall conspicuously and prominently disclose in any materials for any Compounded Drugs, including all advertising, marketing, and

promotional materials, that: (a) the Compounded Drugs are compounded drugs that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing semaglutide are available.

8. The parties having agreed to a confidential settlement agreement that resolves Novo Nordisk's claims, no award is included in this Final Judgment.

9. **JUDGMENT IS HEREBY ENTERED in favor of plaintiff Novo Nordisk** as set forth above. All claims asserted in this action are hereby dismissed with prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing the parties' settlement agreement, this Final Judgment and Permanent Injunction, and as otherwise provided herein.

10. In accordance with the Lanham Act, 15 U.S.C. § 1116, **the Clerk of the Court shall notify** the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

11. This Final Judgment shall be deemed to have been served on defendant PRISM, its officers, directors, shareholders, owners, agents, servants, employees, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**IT IS SO ORDERED** on this 25 day of February, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE